**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                              RESPONDENT

v.                                          4:09CR00065-01-BRW

TERRY JOHNSON                                                                                PETITIONER

**ORDER**

Pending is Mr. Johnson's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 43). This motion was initially filed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, but I found that it was in fact a § 2255 motion attacking the underlying sentence.[1] For the reasons set out below, the Motion is DENIED.

On December 21, 2009, Petitioner pled guilty to possessing a stolen firearm, a violation of 18 U.S.C. § 922(j).[2] On April 21, 2010, he was sentenced to 120 months imprisonment, three years supervised release, and a $100 special assessment.[3] He now argues that (1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and (2) he was denied effective assistance of counsel.[4] He states that the evidence against him was obtained by "an unconstitutional search and seizure based on intentional police misconduct,"[5] and "[h]ad these facts been presented via a Motion to Suppress, the search warrant would have

---

[1] *See* Case No. 4:11CV00330-BRW/JVV. Because the habeas petition was filed within one year of date of his judgment of conviction, I will treat the present motion as timely.

[2] Doc. No. 22.

[3] Doc. No. 33.

[4] Doc. No. 43.

[5] *Id.*

1

been declared illegal and all evidence in the case would have been ruled inadmissible."[6] Petitioner contends that his counsel was ineffective for ignoring his assertion that the evidence against him was illegally obtained, and focusing instead on a guilty plea.

It is well established that a valid plea of guilty is an admission of guilt that waives all nonjurisdictional defects and defenses.[7] The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[8]

Notably, Petitioner does not contend that his plea was not voluntarily and intelligent. He states that, "[r]ealizing the futility in going forward" with the evidence against him, he pled guilty. He does not complain about his counsel's advice with regard to the plea itself—only counsel's pre-plea assistance. Petitioner indicates that he made a conscious decision to plead guilty in the face of the evidence against him. If he had been dissatisfied with his attorney's representation, he should have made that known before entering his plea of guilty.[9] At his change of plea hearing, I asked Mr. Johnson whether he was satisfied with his lawyer and informed him that if he were in any way dissatisfied, he should tell me at that time. He told me that he was satisfied with his lawyer. Additionally, at his sentencing hearing, I asked him whether there was any reason he should be allowed to withdraw his plea of guilty. He responded that there was not.

---

[6]*Id.*

[7]*United States v. Smith*, 422 F.3d 715, 724 (2005).

[8]*Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted).

[9]Cf. *Iron Wing v. United States*, 34 F.3d 662 (8th Cir. 1994) (analyzing the petitioner's ineffective assistance claim where petitioner claimed he would not have pled guilty had he known that the evidence against him could have been suppressed); *United States v. Carasis*, 863 F.2d 615 (1988) (petitioner argued his guilty plea was uninformed and that he would have pled not guilty if he had known he could move for pretrial suppression of the government's evidence).

Under these circumstances, Petitioner's claim regarding pre-plea ineffective assistance has been waived.[10] Petitioner's challenge to the validity of the search warrant has likewise been waived by his voluntary guilty plea. Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED this 6th day of May, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[10] See *United States v. Ramos*, 275 F. App'x 581, 582–83 (9th Cir. 2008) ("Ramos did not assert that his guilty plea was involuntary or unintelligent, and the entry of his guilty plea waived all other preplea ineffective assistance claims."); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (district court did not err in dismissing claim of ineffective assistance of counsel where claim was not based on petitioner's decision to plead guilty).